UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| JM McCORMICK COMPANY, INC., | ) | |
|     Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
|     vs. | ) | 1:05-cv-146-RLY-TAB |
| | ) | |
| INTERNATIONAL TRUCK & ENGINE | ) | |
| CORPORATION, | ) | |
|     Defendant/Counterclaim Plaintiff. | ) | |

**ENTRY ON HOOVER TREATED WOOD PRODUCTS, INC.'S MOTION TO
INTERVENE AND REQUEST FOR ORAL ARGUMENT ON HOOVER'S
MOTION TO INTERVENE**

This matter is now before the court on the motion to intervene and motion for oral

argument filed by Hoover Treated Wood Products, Inc. ("Hoover").  For the reasons set

forth below, Hoover's motion to intervene is **GRANTED**.  Hoover's motion for oral

argument is **DENIED**.

**I.      Background**

This case arises out of alleged breaches in a contract between JM McCormick

Company, Inc. ("McCormick") and International Truck & Engine Corporation

("International Truck") wherein McCormick supplied plywood to International Truck for

installation in the buses it (International Truck) manufactured.  In August 2002,

McCormick began supplying treated plywood to International Truck pursuant to

International Truck's requests.  Hoover chemically treated the plywood that McCormick

1

supplied to International Truck.  The claims and counterclaims in the present action,

which include breach of contract, breach of warranty, and fraud, arise out of alleged

problems with the treated plywood.

International Truck sought extensions of time from the court to file its answer and

counterclaim to consider whether Hoover and Osmose, Inc. ("Osmose"), the company

that supplied the wood preservative, should be added as counterclaim defendants.  (*See*

International Truck's Motion for Extension of Time to Amend Pleadings, Docket # 43).

Ultimately, International Truck did not seek to join Hoover or Osmose as a party to this

action.  Rather, on July 31, 2006, International Truck filed suit in Arkansas state court

against Hoover and Osmose to recover for their alleged breaches in warranty stemming

from the problems with the treated plywood.  On December 20, 2006, Hoover filed its

motion to intervene seeking intervention of right pursuant to Federal Rule of Civil

Procedure 24(a), or in the alternative, permissive intervention pursuant to Federal Rule of

Civil Procedure 24(b).

## II.     Motion to Intervene

### A.     Intervention of Right

Federal Rule of Civil Procedure 24(a) provides:

Upon timely application anyone shall be permitted to intervene in an action
. . . (2) when the applicant claims an interest relating to the property or
transaction which is the subject of the action and the applicant is so situated
that the disposition of the action may as a practical matter impair or impede
the applicant's ability to protect that interest, unless the applicant's interest
is adequately represented by existing parties.

2

FED. R. CIV. P. 24(a).  A party seeking to intervene under Rule 24(a) must show: (1) the application to intervene is timely; (2) the applicant has an interest in the property or transaction that is the subject of the action; (3) disposition of the action as a practical matter may impair or impede the applicant's ability to protect that interest; and (4) no existing party adequately represents the applicant's interest.  *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995).

### 1.    Timeliness

Whether a motion to intervene is timely is a determination within the sound discretion of the district judge.  *South v. Rowe*, 759 F.2d 610, 612 (7th Cir. 1985).  Courts look to the following factors to determine the issue of timeliness on a motion to intervene: (1) the length of time the intervenor knew or should have known of its interest in the case; (2) the extent of prejudice to the original litigating parties from the intervenor's delay; (3) the extent of prejudice to the proposed intervenor if its motion is denied; and (4) any unusual circumstances.  *United States v. Kemper Money Mkt. Fund, Inc.*, 704 F.2d 389, 391 (7th Cir.1983).

In this case, International Truck asserts that Hoover should have been on notice in 2005 that it would face claims by International Truck and/or McCormick and should have filed its motion to intervene at that time.  International Truck sent Hoover a non-party request for production of documents and records in August 2005 in the underlying suit filed by McCormick, and International Truck sent Hoover a letter in December 2005 stating that it had incurred warranty expenses relating to the treated plywood.  However,

Hoover argues that during that period, International Truck informed Hoover that it would bring them into the Indiana action if applicable; by not bringing them into the action, Hoover thought that International was not pursuing claims against it.  The court finds that although Hoover may have been aware of their interest in this case in 2005, it was not improper under the circumstances for Hoover to move to intervene in December 2006. Since International Truck did not join Hoover in the present suit, Hoover was unaware that International Truck was still pursuing damages against it until the July 2006 filing of the Arkansas suit.

Further, the current parties to this litigation would likely not be prejudiced if the court allowed Hoover to intervene.  The court has not ruled on any substantive motions at this time.  Although adding another party may slightly delay the resolution of this action, it would also forego the need for additional litigation in the future by having all the parties at interest before the court.  If Hoover were not allowed to intervene, it would face significant prejudice by not having the ability to properly protect its interest in this case. For these reasons, the court finds that Hoover's motion to intervene is timely.

### 2.    Hoover's Interest in the Litigation

The "interest" an applicant must possess to intervene under Rule 24(a) "must be a 'direct, significant, legally protectable' one."  *Sec. Ins. Co.*, 69 F.3d at 1380 (quoting *Am. Nat'l Bank v. City of Chicago*, 865 F.2d 144, 146 (7th Cir. 1989)).  It is more than a betting interest but less than a property right.  *Id*. at 1380–81.  Whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-sensitive

inquiry.  *Id*. at 1381.

Hoover asserts that it has an interest in the subject of the present action because McCormick could seek indemnification from Hoover if the court found McCormick liable for the problems with the treated plywood in this action.  The court agrees.  Hoover applied the treatment to the plywood that allegedly caused the corrosion on International Truck's buses.  If McCormick is found to have breached certain warranties or its contract with International Truck regarding the treated plywood in this litigation, McCormick may seek indemnification from Hoover.  If McCormick is not found liable for damages to International Truck in this case, then McCormick would have no reason to seek such indemnification.  The outcome of the present case will determine whether Hoover may be liable to McCormick.  As such, Hoover clearly has an interest in the present action.

The court gives little weight to International Truck's argument that Hoover does not have a proper interest under Rule 24(a) because it possesses no property right in this action.  The Seventh Circuit has stated directly that the interest necessary to intervene under Rule 24(a) does not have to amount to a property right.  *See Sec. Ins. Co.*, 69 F.3d at 1380–81.

### 3.    Impairment of Hoover's Interest

The third element that Hoover must show is that its ability to protect its interest would be impaired or impeded absent its intervention.  Impairment occurs when the decision of a legal question, as a practical matter, would foreclose the rights of a proposed intervenor in a subsequent proceeding.  *Shea v. Angulo*, 19 F.3d 343, 347 (7th Cir. 1994).

International Truck asserts that even if Hoover had an interest in the present action, it would still have a full and fair opportunity to protect its interests outside of this litigation.  Hoover cannot be bound by this court's determination absent that opportunity. The court disagrees.  If the determination were made in this court that the treated plywood supplied by McCormick was defective and thus breached warranties, that would impair Hoover's ability to defend itself in a subsequent lawsuit on the ground that the treated plywood was not defective in the first place.  Although the doctrine of res judicata may not technically apply to Hoover if it were not a party to the present litigation, a ruling in favor of International Truck on the treated plywood issue would benefit International Truck when re-litigating the issue.  International Truck would have the benefit of hindsight—knowing which arguments and evidence were persuasive.  Also, a ruling in International Truck's favor would, as a practical matter, impair the ability of Hoover to settle the matter outside of court.  International Truck would have no incentive to settle, knowing that it had already prevailed on the same issue with the same underlying facts. As such, the court finds that absent intervention, Hoover's ability to protect its interest would be impaired.

### 4.    Protection of Hoover's Interests in this Litigation

The last element the court must consider is whether McCormick would adequately represent Hoover's interest in the present action against International Truck.  The requirement of Rule 24 is satisfied if the potential intervenor demonstrates that the representation of its interest by an existing party may be inadequate.  *Lake Investors Dev.*

*Group, Inc. v. Egidi Dev. Group*, 715 F.2d 1256, 1261 (7th Cir. 1983) (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)).  The burden of making that showing is minimal.  *Id.*

Hoover argues that McCormick would not adequately protect its interest because Hoover asserts different defenses to International Truck's claims, and Hoover and McCormick would disagree over apportionment of fault if they were found liable to International Truck.  International Truck asserts that because McCormick faces a significant damage award if International Truck prevails, McCormick has a strong incentive to defend against International Truck's claims.

The court finds that McCormick may not adequately protect Hoover's interests.  Although McCormick faces a large damage award if it is found liable to International Truck, McCormick could easily seek indemnification from Hoover, thus placing the burden of the damage award on Hoover.  Further, Hoover asserts defenses to International Truck's claims that are not available to McCormick.[1]  If the court finds merit in those defenses, Hoover would not be liable to International Truck regardless of whether McCormick is liable.

For the reasons set forth above, the court finds that Hoover has satisfied its burden

---

[1] Hoover argues that International Truck is estopped from pursuing claims against Hoover because International Truck did not join Hoover in the present action.  Hoover seems to argue in its Brief in Support and Reply Brief that the court should enjoin the Arkansas action in which International Truck sued Hoover over the same facts as set forth in this case.  However, Hoover's motion is only a motion to intervene.  As Hoover has made no motion to enjoin the Arkansas proceedings, the court will not address the merits of that argument at this time.

to show that it is entitled to intervene as a matter of right under Rule 24(a).  However, even if Hoover had not satisfied its burden under Rule 24(a), the court finds that it would be entitled to permissive intervention under Rule 24(b).

### B. Permissive Intervention

Federal Rule of Civil Procedure 24(b) allows permissive intervention when an applicant's claim or defense and the main action share common questions of law or fact. FED. R. CIV. P. 24(b)(2).  In this case, the claims International Truck asserts against McCormick and Hoover arise from the same set of facts involving the treated plywood. Further, there is a common question of law regarding whether the treated plywood was defective and thus breached Hoover's and McCormick's implied warranties.  As such, the court finds that Hoover is entitled to permissive intervention under Rule 24(b).

### III. Motion for Oral Argument on Hoover's Motion to Intervene

The court finds that the issues presented in Hoover's motion to intervene are adequately addressed in the briefs and that oral argument is unnecessary for the court to reach its conclusion.  As such, Hoover's motion for oral argument on its motion to intervene is **DENIED**.

### IV. Conclusion

For the foregoing reasons, the court finds that Hoover is entitled to intervention of right under Federal Rule of Civil Procedure 24(a), or in the alternative, permissive intervention under Rule 24(b).  As such, Hoover's motion to intervene (Docket # 71) is **GRANTED**.  Hoover's Answer, attached to its motion to intervene, is deemed filed as of

8

the date Hoover filed its motion to intervene, December 20, 2006.  Hoover's motion for oral argument (Docket # 73) is **DENIED**.

If Hoover wishes to file a response to either of the pending summary judgment motions to assert a position not already represented in those briefs, Hoover must notify the court within **15 days** from the date of this Entry of its intention.  At that time, the court will determine the appropriate briefing schedule if applicable.


**SO ORDERED** this 29th day of June 2007.


RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

John M T Chavis II
LOCKE REYNOLDS LLP
jchavis@locke.com

Darren Andrew Craig
LOCKE REYNOLDS LLP
dcraig@locke.com

Offer  Korin
KATZ & KORIN
okorin@katzkorin.com

Peter S. Kovacs
STEWART & IRWIN
pkovacs@silegal.com

Nicholas C. Pappas
LOCKE REYNOLDS LLP
npappas@locke.com

Patrick J. Perrone
McCARTER & ENGLISH, LLP
pperrone@mccarter.com

Mary F. Schmid
STEWART & IRWIN
mschmid@stewart-irwin.com

Ronald George Sentman
KATZ & KORIN
rsentman@katzkorin.com

Matthew J. Tharney
McCARTER & ENGLISH, LLP
mtharney@mccarter.com

Natalie S. Watson
McCARTER & ENGLISH, LLP
nwatson@ccarter.com