UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| JM McCORMICK COMPANY, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-146-RLY-TAB |
| | ) | |
| INTERNATIONAL TRUCK & ENGINE | ) | |
| CORPORATION, | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| INTERNATIONAL TRUCK & ENGINE | ) | |
| CORPORATION, | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JM McCORMICK COMPANY, INC., | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| HOOVER TREATED WOOD PRODUCTS, | ) | |
| INC., | ) | |
| Intervenor. | ) | |
| _____ | ) | |
| | ) | |
| HOOVER TREATED WOOD PRODUCTS, | ) | |
| INC., | ) | |
| Intervenor/Counterclaim Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| INTERNATIONAL TRUCK & ENGINE | ) | |
| CORPORATION, | ) | |
| Counterclaim Defendant. | ) | |
| _____ | ) | |
| | ) | |
| HOOVER TREATED WOOD PRODUCTS, | ) | |

1

INC.,                                    )
       Intervenor/Cross-claimant,    )
                             )
       vs.                              )
                             )
JM McCORMICK COMPANY, INC.        )
          Cross-claim Defendant.         )

### ENTRY ON INTERNATIONAL TRUCK & ENGINE CORPORATION'S MOTION TO DISMISS HOOVER TREATED WOOD PRODUCTS, INC.'S COUNTERCLAIM

This matter is now before the court on International Truck and Engine Corporation's ("International") motion to dismiss Hoover Treated Wood Products, Inc.'s ("Hoover") counterclaim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, the court **GRANTS** International's motion.

## I.      Background

The dispute in this case originated with JM McCormick Company, Inc. ("McCormick"), a supplier of treated and untreated plywood products, and International, a manufacturer of buses, and arose out of problems with McCormick's supply of treated plywood to International.  On January 28, 2005, McCormick filed a complaint against International alleging breach of contract, and International counterclaimed for breach of contract, breach of warranty, and fraud.  On December 22, 2005, International moved the court to extend the deadline to amend pleadings and join parties from December 24, 2005, to February 25, 2006, because International had not yet determined whether it would join

Hoover, the entity who applied the treatment to the plywood McCormick supplied to

International, and Osmose, Inc. ("Osmose"), the entity who produced the wood

treatment.[1]   The court granted International's motion for extension of time the following

day, on December 23, 2005.  International did not join Hoover or Osmose in the present

action.  Rather, International filed suit against Hoover and Osmose in Arkansas state

court on July 31, 2006.  On June 29, 2007, the court granted Hoover's motion to intervene

in the present action finding that Hoover had an interest in the dispute between

McCormick and International.

Hoover then asserted a counterclaim against International alleging that

International waived its right to file suit against Hoover by not joining it in the present

action by the deadline set forth in the court's December 23, 2005, Order and that the court

should thus enjoin the Arkansas action.  International now moves the court to dismiss

Hoover's counterclaim under Rule 12(b)(6) for failure to state a claim.

## II.     Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for

failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  On a

Rule 12(b)(6) motion to dismiss, the court only examines the sufficiency of the

complaint, not the merits of the lawsuit.  *Gibson v. City of Chicago*, 910 F.2d 1510, 1520

(7th Cir. 1990).  In considering a motion to dismiss under Rule 12(b)(6), the court accepts

---

[1] The February 25, 2006, deadline to amend pleadings and join parties was later extended
to March 25, 2006, during the parties' pretrial/settlement conference with Magistrate Judge
Baker on February 21, 2006.

all facts in the complaint as true and draws all reasonable inferences in plaintiff's favor. *Mallet v. Wis. Div. of Vocational Rehab.*, 130 F.3d 1245, 1248 (7th Cir. 1997).

In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the Supreme Court clarified the standard a court must apply when considering a motion to dismiss for failure to state a claim. The *Bell Atlantic* Court abrogated the familiar language first set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atlantic*, 127 S. Ct. at 1968 (quoting *Conley*, 355 U.S. at 45–46). The Court held that this language, when interpreted literally, would allow a wholly conclusory statement of a claim to survive a Rule 12(b)(6) motion to dismiss. *Id.* Instead, to survive a Rule 12(b)(6) motion to dismiss, the complaint should describe the claim in sufficient detail to give the defendant fair notice of the claim and to suggest plausibly that the plaintiff has a right to relief above the speculative level. *E.E.O.C. v. Concentra Health Servs., Inc.*, ___ F.3d ___, 2007 WL 2215764, at *2 (7th Cir. Aug. 3, 2007).

## III.   Discussion

International's motion seeks to dismiss Hoover's counterclaim because the court's December 23, 2005, Order granting International 60 days to add Hoover and Osmose did not preclude International from filing a suit against those parties in state court if it did not add them to the present action and this court is barred from enjoining the Arkansas action by the Anti-Injunction Act, 28 U.S.C. § 2283. Hoover responds that its counterclaim

states a claim against International and otherwise that International's arguments are premature as they address the merits of the case, not the sufficiency of Hoover's counterclaim.

**A.      The Court's December 23, 2005, Order**

The court's December 23, 2005, Order granting International's motion for extension of time states:

> [International], by counsel, moved the Court for a sixty (60) day extension of time, to and including February 25, 2006, to amend pleadings and join parties, and the Court being duly advised now GRANTS said motion.

> IT IS THEREFORE ORDERED that the time to amend pleadings and join parties is hereby extended to February 25, 2006.

This Order is clearly only a scheduling order.  Under no interpretation could it be read to require that International join Hoover or Osmose in the present action or otherwise be barred from asserting claims against them in state court.  Nothing prevents International from filing the exact same case in both state and federal court.  *See Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 295–96 (1970) (holding that where state and federal court have concurrent jurisdiction over a claim, neither court may prevent a litigant from simultaneously pursuing his claim in both courts).  As such, the court's December 23, 2005, Order is nothing but a scheduling order. By not joining Hoover and Osmose in the present action by the deadline set forth in that Order, International did not waive its right to file suit against those parties in Arkansas state court.

**B.      The Anti-Injunction Act**

Hoover's counterclaim for declaratory judgment also seeks to enjoin

International's action against it in Arkansas state court.  International asserts that the

Anti-Injunction Act bars the court from issuing such an injunction.  The Anti-Injunction

Act states: "A court of the United States may not grant an injunction to stay proceedings

in a State court except as expressly authorized by Act of Congress, or where necessary in

aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  The

reach of the Anti-Injunction Act extends to injunctions addressed to litigants, as well as

those directed to state courts.  *Atl. Coast Line R.R. Co.*, 398 U.S. at 287.

Hoover asserts that the second, "aid of jurisdiction," exception applies in this case.

However, this exception does not apply simply because a state court action duplicates an

action already filed in federal court.  *Id.* at 295–96.  Rather, this exception typically

applies in *in rem* cases where the proceedings in state and federal court involve the same

property.  *Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964).  Interpreting the "aid of

jurisdiction" exception outside of the *in rem* context, the Seventh Circuit has stated:

"Where a litigant's success in a parallel state court action would make a nullity of the

district court's ruling, and render ineffective its efforts effectively to manage the complex

litigation at hand, injunctive relief is proper.  *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196,

1202 (7th Cir. 1996).

In this case, International filed suit in Arkansas state court only against Hoover and

Osmose.  While the subject matter of the cases in the Arkansas court and this court is the

6

same, the parties are not.  Thus, it is unlikely at this point that a success by either Hoover or Osmose or International in Arkansas court would go so far as to render ineffective this court's efforts to manage the present action.  Further, the litigation at hand is not the type of complex litigation where the Seventh Circuit has contemplated the application of the "aid of jurisdiction" exception.  *See Winkler*, 101 F.3d at 1202 (noting that the "aid of jurisdiction" exception has been applied outside of the *in rem* context in cases of school desegregation and multidistrict litigation).  While the parties in the present case may be forced to litigate in two forums, the possibility of duplicative litigation is not an exception to the Anti-Injunction Act under which the court may enjoin the Arkansas action.  The court is thus barred from issuing the injunction Hoover requests.

For the reasons set forth above, Hoover's counterclaim that International has waived its right to file suit against Hoover and should be enjoined from pursuing the Arkansas action fails to suggest that Hoover has any right to relief in this court. Dismissal of Hoover's counterclaim for failure to state a claim is thus proper.

**IV.     Conclusion**

For the foregoing reasons, International's motion to dismiss Hoover's

counterclaim (Docket # 109) for failure to state a claim under Rule 12(b)(6) is

**GRANTED**.


**SO ORDERED** this 16th day of October 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

John M T Chavis II
LOCKE REYNOLDS LLP
jchavis@locke.com

Darren Andrew Craig
LOCKE REYNOLDS LLP
dcraig@locke.com

Offer  Korin
KATZ & KORIN
okorin@katzkorin.com

Peter S. Kovacs
STEWART & IRWIN
pkovacs@silegal.com

Nicholas C. Pappas
LOCKE REYNOLDS LLP
npappas@locke.com

Patrick J. Perrone
McCARTER & ENGLISH, LLP
pperrone@mccarter.com

Mary F. Schmid
STEWART & IRWIN
mschmid@stewart-irwin.com

Ronald George Sentman
KATZ & KORIN
rsentman@katzkorin.com

Matthew J. Tharney
McCARTER & ENGLISH, LLP
mtharney@mccarter.com

Natalie S. Watson
McCARTER & ENGLISH, LLP
nwatson@mccarter.com