UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JM McCORMICK COMPANY, INC., ) | |
|     Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| vs. ) | 1:05-cv-146-RLY-TAB |
| ) | |
| INTERNATIONAL TRUCK & ENGINE ) | |
| CORPORATION, ) | |
|     Defendant/Counterclaimant, ) | |
| ) | |
| HOOVER TREATED WOOD PRODUCTS,) | |
| INC., ) | |
|     Intervenor. ) | |
| _____) | |
| ) | |
| HOOVER TREATED WOOD PRODUCTS,) | |
| INC., ) | |
|     Cross-claimant/Cross-claim ) | |
|     Defendant, ) | |
| ) | |
| vs. ) | |
| ) | |
| JM McCORMICK COMPANY, INC. ) | |
|     Cross-claim Defendant/ ) | |
|     Cross-claimant. ) | |
| _____) | |
| ) | |
| HOOVER TREATED WOOD PRODUCTS,) | |
| INC., ) | |
|     Third Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| OSMOSE HOLDINGS, INC. and ) | |
| OSMOSE, INC., ) | |
|     Third Party Defendants. ) | |

1

**ENTRY ON INTERNATIONAL TRUCK'S MOTION TO RECONSIDER ORDER GRANTING PARTIAL SUMMARY JUDGMENT ON BREACH OF WARRANTY CLAIM (DOCKET # 140) AND INTERNATIONAL TRUCK'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR LEAVE TO AMEND COUNTERCLAIM (DOCKET # 160)**

This matter is before the court on two motions filed by International Truck and Engine Corporation ("International Truck"): its Motion to Reconsider Order Granting Partial Summary Judgment on Breach of Warranty Claim and its Objections to Magistrate Judge's Order Denying Motion for Leave to Amend Counterclaim. For the reasons set forth below, the court **DENIES** International Truck's motion to reconsider and **OVERRULES** International Truck's objections to Magistrate Judge's Order.

As this case has an extensive procedural background, the court discusses only the background relevant to the motions before the court. The court refers the reader to its previous Entries in this case for a complete factual and procedural background.

**I.      Motion to Reconsider Order Granting Partial Summary Judgment on International Truck's Breach of Warranty Claims**

International Truck first moves the court to reconsider its February 6, 2008, Entry granting partial summary judgment for JM McCormick Company, Inc. ("McCormick") on International Truck's breach of warranty claims related to the issue of corrosion. The court originally denied McCormick's motion for partial summary judgment on International Truck's breach of warranty claims, finding *inter alia* that whether International Truck's notice regarding the corrosion issue was made within a reasonable time was a question of fact precluding summary judgment.

2

However, once the court determined Arkansas substantive law governed the UCC claims, McCormick moved the court to reconsider its denial of summary judgment on International Trucks' breach of warranty claims related only to corrosion because, under Arkansas' version of the UCC, giving notice is a condition precedent to recovering for breach of warranty and the giving of such notice must be alleged in the complaint. International Truck amended its counterclaim to add the breach of warranty claims in July 2005 but did not give notice to McCormick about the corrosion problem until November/December 2005.[1] Thus, it did not allege the giving of notice in its counterclaim. On these grounds, the court granted McCormick's motion to reconsider and granted summary judgment for McCormick on International Truck's breach of warranty claims relating to corrosion, thus reversing its earlier ruling.[2]

---

[1] International Truck sent a letter to McCormick in November 2005 notifying McCormick that the treated plywood McCormick supplied was not merchantable or fit for its particular purpose of use as bus sub-flooring. International Truck sent a second letter to McCormick in December 2005 detailing that the plywood McCormick supplied was delaminating and corrosive to metal. International Truck asserts that the November 2005 letter serves as notice of the corrosion issue. However, in its original, September 28, 2007, Entry on the pending summary judgment motions and in its Entry on the motion to reconsider dated February 6, 2008, the court considered the December 2005 letter as the first notice of corrosion. Whether the November or December 2005 letter serves as the notice of corrosion is immaterial for purposes of the pending motions.

[2] The court emphasizes the fact that it reversed its summary judgment ruling on the breach of warranty claims with respect to the issue of corrosion alone. The bulk of the parties' arguments addressing the merits of International Truck's breach of warranty claims discuss the corrosion issue. However, as pled, International Truck's breach of warranty claims could extend to the other problems International Truck allegedly experienced with the plywood McCormick supplied. Because McCormick argued for reconsideration of the court's ruling on the breach of warranty claims with respect to corrosion only, and the parties' briefing and the subsequent ruling by the court has addressed only corrosion, International Truck's breach of warranty claims regarding other problems it allegedly experienced with McCormick's supply of treated plywood

International Truck now seeks reconsideration of that Entry, arguing that notice is a question for the jury and that it gave timely notice of breach of warranty claims that accrued after November 2005. "A motion to reconsider asks that a decision be reexamined in light of additional legal arguments, a change of law, or an argument that was overlooked earlier . . . ." *Patel v. Ashcroft*, 378 F.3d 610, 612 (7th Cir. 2004). Where no final judgment has been rendered, the court considers a motion to reconsider under its "inherent power to modify or rescind interlocutory orders prior to final judgment," *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985) (quoting *Peterson v. Hanson*, 569 F. Supp. 694, 695 (W.D. Wis. 1983).

In support of the present motion, International Truck makes similar arguments as it has in previous motions, with the exception of its argument that it gave timely notice for breach of warranty claims accruing after November 2005. The court limits its reconsideration to this new argument, as it has addressed International Truck's other arguments in its previous Entries.

International Truck argues that its letter in November 2005 unquestionably constitutes timely notice for breach of warranty claims that accrued after that date. However, the giving of reasonable notice is a condition precedent to recovery under Arkansas Code § 4-2-607(3) and, therefore, must be alleged in the complaint. *Williams v. Mozark Fire Extinguisher Co.*, 888 S.W.2d 303, 305 (Ark. 1994). Notice under this Code section must be more than the filing of a complaint. *Id.* at 305–06. As the court

---

remain.

discussed in its February 6, 2008, Entry, International Truck did not give notice to McCormick of the corrosion issue until after it filed its counterclaim for breach of warranty and thus did not allege the giving of notice in its complaint.  Therefore, like its pre-November 2005 warranty claims, the question of whether International Truck's notice was timely for warranty claims after November 2005 is not reached because it did not comply with the prerequisites to filing its counterclaim in this case.

     International Truck seeks to recover for all of the warranty claims, including those made after November 2005, under its July 2005 breach of warranty counterclaim.  While corrosion may be a "slow, ongoing process" (International Truck's Reply at 3), future warranty claims International Truck might receive from purchasers would properly be considered in the damages McCormick would have to pay if it were found liable to International Truck under its breach of warranty counterclaim added in July 2005.  Otherwise, McCormick would be subjected to endless litigation for its supply of treated plywood to International Truck that ended in 2003.

     International Truck asserts that because the court ruled its counterclaims compulsory, including the counterclaim for breach of warranty, it was rushed to litigation, and had it been able to assert the breach of warranty claims in Arkansas state court, where it has filed suit against Hoover Treated Wood Products, Inc. ("Hoover") and Osmose Holdings, Inc. and Osmose, Inc. (collectively "Osmose"), it would have been able to allege notice properly.  However, International Truck admits in its Reply that it "learned of potential warranty claims related to its buses at various times, beginning in 2003 and

continuing until the present." (International Truck's Reply at 3). Further, the undisputed facts in the court's September 28, 2007, Entry indicate that International Truck knew the corrosion on the seat tracks of some of its buses was caused by the treatment in the plywood bus sub-flooring in September 2003 (September 28, 2007, Entry at Fact # 30). Why International Truck waited to give McCormick notice of the corrosion issue until November/December 2005 is not clear. However, its reason for waiting is immaterial. The law is clear. Before filing a claim for breach of warranty, the buyer must notify the seller of the problem. *See Williams*, 888 S.W.2d at 305. If the problem is not resolved out of court and an action for breach of warranty is ultimately filed, the buyer must allege the giving of notice in its complaint. *See id.*

International Truck knew of the corrosion problem approximately two years before it filed its breach of warranty counterclaims. However, it did not notify McCormick of the problem until after it filed suit. International Truck's actions thwart the purpose of the notice requirement of Arkansas Code § 4-2-607(3) because it gave McCormick no chance to minimize its damages and subjected McCormick to stale claims. *Williams*, 888 S.W.2d at 306 ("The purpose of the statutory notice requirement is twofold. First, it is to give the seller an opportunity to minimize damages in some way, such as by correcting the defect. Second, it is to give immunity to a seller against stale claims."). Because International Truck did not comply with the notice requirement of Arkansas Code § 4-2-607(3), International Truck's breach of warranty counterclaims on the corrosion issue are barred—including warranty claims International Truck received before and after

November 2005.

## II. Objections to Magistrate Judge's Order Denying Motion for Leave to Amend Counterclaim

International Truck also objects to Magistrate Judge Baker's Order denying its motion for leave to amend its counterclaim. After the court granted McCormick's motion to reconsider on February 6, 2008, International Truck sought to amend its counterclaim for the fourth time to add claims for negligence and strict liability and to allege when it gave notice to McCormick of the corrosion problems.[3] However, Magistrate Judge Baker denied that motion in an Order following the parties' March 19, 2008, pretrial conference. International Truck now objects to that Order under Rule 72(a) of the Federal Rules of Civil Procedure.

### A. Standard of Review

Rule 72(a) sets forth:

> A party may serve and file objections to [an order on a nondispositive motion by a magistrate judge] within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

---

[3] International Truck's proposed Fourth Amended Answer and Counterclaim does not add any factual allegations surrounding the corrosion issue, nor does the breach of warranty claim actually reference corrosion. With respect to notice, International Truck's proposed Fourth Amended Counterclaim states: "International provided detailed notice to McCormick concerning the problems International was experiencing with treated plywood in letters dated November 14, 2005, and December 22, 2005 (attached hereto as Exhibits A and B, respectively)." (Fourth Amended Answer and Counterclaim (Proposed) at ¶ 57, Ex. 1 to Motion for Leave). However, the letters referenced in the counterclaim are those that first notified McCormick of the corrosion problem.

FED. R. CIV. P. 72(a). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

**B.     Discussion**

Federal Rule of Civil Procedure 15 provides that the court should freely give leave to amend pleadings when justice so requires. FED. R. CIV. P. 15(a)(2). Circumstances justifying a refusal of leave to amend include: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*

In denying International Truck's motion for leave to amend, Magistrate Judge Baker reasoned as follows:

> As set forth in the response/objection filed by [McCormick], the motion is grossly untimely. The complaint was filed on January 28, 2005, and the agreed upon, Court-approved Case Management Plan ("CMP") set a June 28, 2005, deadline for such amendments. Since the filing of the complaint, International has sought and received three enlargements of time to amend its pleadings. Now three years after the complaint was filed, International seeks to file a fourth amendment which, if granted, would radically alter the theories upon which it wants to proceed against McCormick. Specifically, the proposed amendment would add counterclaims of strict liability and

> negligence. International filed a complaint in state court in Arkansas that demonstrates it knew of these claims in July 2006. International's delay in asserting these claims here is inexplicable and unjustified, and prejudicial to McCormick given that substantial discovery—including nine depositions—already has taken place in this litigation. For these reasons, as more fully set forth in McCormick's response/objection, International's motion for leave to amend counterclaim is denied.

(March 20, 2008, Order, Docket # 153) (internal citations and quotations omitted).

International Truck argues that Magistrate Judge Baker's Order is clearly erroneous because his reasons for denying leave to amend do not outweigh International Truck's "right" to amend its counterclaim. However, International does not have a "right" to amend its pleadings at this stage in the litigation. *See* FED. R. CIV. P. 15(a)(1)–(2) ("A party may amend the party's pleading once as a matter of course (A) before being served with a responsive pleading . . . . (2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."). While leave is to be freely given where justice so requires, FED. R. CIV. P. 15(a)(2), it is ultimately within the discretion of the court to deny leave in appropriate circumstances. *See Foman*, 371 U.S. at 182.

Magistrate Judge Baker properly considered the circumstances surrounding International Truck's motion for leave to amend and determined that justice did not require granting leave. He considered the fact that the motion was untimely because International Truck had already been granted the opportunity to amend its counterclaims three times, this case was filed over three years ago on January 28, 2005, and the CMP

9

deadline for filing amendments was June 28, 2005.[4]  Further, allowing International Truck to add the additional counterclaims of negligence and strict liability would not only radically alter International Truck's theory of the case, but would be unjustified as International Truck knew of those claims in July 2006.

International Truck argues that the passage of time should not have been a consideration because its motion was made approximately one year before the trial was scheduled and its new theories of negligence and strict liability arise from the same facts as its other claims, thus McCormick will not be unduly prejudiced.  However, the fact the new theories arise from the same set of facts weighs against the court granting leave to amend.  International Truck knew of the facts giving rise to the new claims three years ago, yet waited until the court granted summary judgment on the breach of warranty claim to add them.  Nothing precluded International Truck from pleading those claims in the alternative one of the three previous times it amended its counterclaims.  While the court did not make the determination that Arkansas law applied in this case until its September 28, 2007, Entry, International Truck is the party who argued for the application of Arkansas law, and it knew that those claims existed in July 2006, at the latest, when it asserted those claims against Hoover and Osmose in Arkansas state court.

---

[4] International Truck asserts that at the time it filed the motion for leave to file a fourth amended answer and counterclaim, the CMP was vacated, along with the deadlines for filing amendments. However, the May 11, 2006, Order vacating the CMP stated: "All *existing* CMP deadlines are vacated pending the approval of this schedule." (May 11, 2006, Order, Docket # 56) (emphasis added).  The June 28, 2005, deadline for filing amendments had passed almost a year before that Order, and was therefore not an *existing* CMP deadline.  The May 11, 2006, Order did not act to vacate the June 28, 2005, amendment deadline.

Aside from adding the negligence and strict liability claims, International Truck's proposed Fourth Amended Complaint sought to allege notice to McCormick of the corrosion problem. Although Magistrate Judge Baker did not specifically address the notice issue in his Order, he incorporated McCormick's reasoning in its opposing brief to International Truck's motion for leave to amend as further support for his decision. As McCormick properly pointed out, International Truck's new allegation regarding notice would be futile. The court ultimately granted summary judgment for McCormick on International Truck's breach of warranty claim with respect to corrosion not only because International Truck did not allege notice in its complaint but because it admittedly did not provide notice until November/December 2005, when it had filed the breach of warranty counterclaim in July 2005. Thus, no amendment could change the fact that International Truck waited to give McCormick notice of corrosion until after it filed the breach of warranty claim. As the court has discussed at length, notice is condition precedent to recovery for breach of warranty and filing a complaint for breach of warranty, as a matter of law, is insufficient notice. *Williams*, 888 S.W.2d at 305–06. International Truck's amendment alleging notice after-the-fact would be futile.

For these reasons, the court finds that Magistrate Judge Baker's Order denying International Truck's motion for leave to amend its counterclaim was not clearly erroneous, and International Truck's objections to that Order are **OVERRULED**.

## III.    Conclusion

For the foregoing reasons, the court **DENIES** International Truck's motion for

11

reconsideration (Docket # 140) and **OVERRULES** International Truck's objections to Magistrate Judge Baker's Order denying its motion for leave to amend counterclaim (Docket # 160).

**SO ORDERED** this 24th day of July 2008.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

John M T Chavis II
LOCKE REYNOLDS LLP
jchavis@locke.com

Darren Andrew Craig
LOCKE REYNOLDS LLP
dcraig@locke.com

Joshua B. Fleming
LOCKE REYNOLDS LLP
jfleming@locke.com

Offer  Korin
KATZ & KORIN
okorin@katzkorin.com

Peter S. Kovacs
STEWART & IRWIN
pkovacs@silegal.com

Mark D. Marino
KIRKPATRICK & LOCKHART  PRESTON GATES ELLIS LLP
mark.marino@klgates.com

Nicholas C. Pappas
LOCKE REYNOLDS LLP
npappas@locke.com

Patrick J. Perrone
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
patrick.perrone@klgates.com

Mary F. Schmid
STEWART & IRWIN
mschmid@stewart-irwin.com

Ronald George Sentman
KATZ & KORIN
rsentman@katzkorin.com

Matthew J. Tharney
McCARTER & ENGLISH, LLP
mtharney@mccarter.com

Nathaniel M. Uhl
ICE MILLER LLP
nate.uhl@icemiller.com

Natalie S. Watson
McCARTER & ENGLISH, LLP
nwatson@mccarter.com

Katherine A. Winchester
ICE MILLER LLP
winchest@icemiller.com